FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 NOV -4 P 4: 58
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOHN TAYLOR,

    Plaintiff,

vs.

FEDERAL BUREAU OF PRISONS;
WARDEN, FCI JESUP; PA HENRY
SEXAUER; DR. PETER LIBERO;
and UNITED STATES OF AMERICA,

    Defendants.

CIVIL ACTION NO.: CV213-110

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that, upon his arrival to FCI Jesup, he informed medical staff of his painful and "lesioning" scalp. (Doc. No. 1, pp. 2-3). Plaintiff contends that Defendant Sexauer biopsied a part of his scalp and sent it away for diagnosis. Plaintiff contends that he was informed that he had perivascular dermatitis. Plaintiff asserts that he sought treatment for his scalp condition to no avail.

A plaintiff states a cognizable claim for relief under Bivens if his complaint alleges facts showing that his rights, as secured by the Constitution and the laws of the United States, were violated. The Eighth Amendment's proscription against cruel and unusual punishment imposes a duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious

2

medical needs of inmates. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. It is legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs simply because the inmate did not receive the medical attention he deemed appropriate. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)

3

(noting that a mere difference of opinion as to a prisoner's diagnosis or course of treatment does not support a claim under the Eighth Amendment).

Society's "contemporary standards of decency" do not condone the unnecessary and wanton denial of medical care to inmates, who cannot care for themselves while incarcerated. Estelle, 429 U.S. at 105. Otherwise, the "denial of medical care [to inmates] may result in pain and suffering which no one suggests would serve any penological purpose." Id. at 103. Therefore, under the Eighth Amendment, the government cannot deliberately ignore or withhold minimally adequate medical care to those inmates suffering from serious medical needs. Id. at 103–04.

However, the Supreme Court cautioned in Estelle that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." 429 U.S. at 105. Additionally, a difference in opinion between the prison's medical staff and the detainee as to diagnosis or course of treatment does not amount to a claim under the Constitution. Harris, 941 F.2d at 1505 (citation omitted). Only when deliberate indifference to an inmate's serious medical need is demonstrated to be "repugnant to the conscience of mankind" or offensive to "evolving standards of decency" will it give rise to a valid claim of mistreatment under the Eighth Amendment. Id.

The attachments Plaintiff submitted with his Complaint reveal that he received medical treatment on several occasions for his scalp condition. (E.g., Doc. No. 1, pp. 9–22, 31). It appears that Plaintiff's complaints lie with the level of care and treatment he received, which is not sufficient to sustain a cause of action based on allegations of a constitutional violation. Plaintiff's Eighth Amendment claims should be dismissed.

4

To the extent Plaintiff seeks to hold the United States of America or Defendants Sexauer, Libero, and Warden based on negligence, he cannot do so in this case. An allegation that a defendant acted with negligence in causing a plaintiff injury is not sufficient to support a claim under Bivens. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Baker v. McCollan, 443 U.S. 137, 146 (1979). Plaintiff's claims should be dismissed for this reason as well.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of November, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)